UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KAREN B. WEISS, | Civil No. | 12cv0719-CAB (WMc) |
|---|---|---|
| Plaintiff, | | |
| v. | **ORDER: (1) ADOPTING REPORT AND RECOMMENDATION [Doc. No. 21]; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [Doc. No. 17]; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. No. 20]** | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | | |
| Defendant. | | |

Pending before the Court is the Report and Recommendation (R&R) of Magistrate Judge William McCurine, Jr., filed on November 7, 2012, recommending that the court grant Defendant Michael Astrue's motion for summary judgment and deny Plaintiff Karen Weiss' motion for summary judgment. [Doc. No. 21.] On November 21, 2012, Plaintiff filed objections to the R&R. [Doc. No. 22.] Defendant did not file a reply. Having considered the parties' arguments and for the reasons stated herein, the Court finds the Magistrate Judge conducted a well-reasoned and thorough analysis, and **ADOPTS** the R&R.

## I. BACKGROUND

Plaintiff was born on November 11, 1962 and has past relevant work as a general duty nurse, a private nurse, and an office nurse. On November 25, 2008, she filed an

application for disability benefits, alleging disability beginning June 3, 2003. Plaintiff alleges she has debilitating back pain, stomach problems, diabetes, and emotional issues.

On June 23, 2010, Administrative Law Judge (ALJ) Joseph D. Schloss held a hearing to consider Plaintiff's application for disability benefits. The ALJ considered Plaintiff's medical records, Plaintiff's testimony, and testimony of Arthur Lorber, M.D., and impartial medical expert, and Sandra M. Fioretti, an impartial vocational expert. On August 17, 2010, the ALJ issued a decision, finding that Plaintiff was not disabled under the Social Security Act. On January 25, 2012, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. On March 26, 2012, Plaintiff filed a complaint for judicial review in this Court. On July 26, 2012, Defendant filed an answer to the complaint and the Administrative Record (TR). [Doc. Nos. 12, 13.] On August 30, 2012, Plaintiff filed a motion for summary judgment. [Doc. No. 17.] On October 5, 2012, Defendant filed a cross-motion for summary judgment. [Doc. No. 20.] On November 7, 2012, Magistrate Judge McCurine issued the present R&R, recommending that Defendant's motion be granted and Plaintiff's motion be denied.

## II. LEGAL STANDARDS

The Social Security Act entitles a claimant to disability benefits if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i), 423(d)(1)(A). To qualify for benefits, the impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). Further, the impairment must be of "such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §

423(d)(2)(A).

An individual may seek judicial review of the Commissioner of Social Security's final agency decision. 42 U.S.C. §§ 405(g), 1383(c)(3). However, the scope of review is limited. A court may not overturn the Commissioner's final action unless (1) the ALJ's findings of fact are not supported by substantial evidence, or (2) the ALJ failed to apply the proper legal standards. *See Flaten v. Secretary of Health and Human Svcs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

"Substantial evidence" means evidence a reasonable person might accept as adequate to support the ALJ's conclusion, considering the record as a whole. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Court must consider both the evidence that supports and detracts from the Commissioner's conclusions. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); *Desrosiers v. Sec'y of Health and Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).

Even if substantial evidence supports the ALJ's findings, a court must set the decision aside if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a decision. *See Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978). But if the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1989).

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth the duties of the district court in connection with a Magistrate Judge's report and recommendation. The district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

### III. ANALYSIS

Plaintiff objects on two grounds to the Magistrate Judge's recommendation to

grant Defendant's motion and deny Plaintiff's motion. Plaintiff argues that the ALJ failed to articulate specific and legitimate reasons for rejecting the opinions of Dr. Jackson and Dr. Grossman.

1. Dr. Jackson.

Plaintiff argues that the ALJ failed to heed the opinions of Dr. Jackson and failed to articulate any reasons for doing so. [Doc. No. 22 at 4.] In her objections, Plaintiff admits that while the ALJ had no obligation to translate the word "prolonged" into the language of Social Security, the ALJ is not free to ignore such opinions either. [Doc. No. 22 at 3.] However, as noted by the Magistrate Judge, the ALJ did not completely reject Dr. Jackson's opinions. Rather, he afforded some weight to the opinion, even though Dr. Jackson's opinion was rendered in the workers' compensation context, which does not define disability in the same manner as Social Security. [Doc. No. 21 at 9.]

Moreover, the ALJ did articulate the reasons why he was giving greater weight to Dr. Lorber's opinion: "The time restraints and the limitations pertaining to the lower extremities described by Dr. Lorber are appropriate given the claimant's radiculopathy, her weight, and her symptoms associated with the diabetes mellitus." [TR at 30.] "Whether substantial evidence supports a finding is *determined from the record as a whole*, with the court weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)(internal citation omitted)(emphasis added). On review the court must make a determination "from the record as a whole." *Id.* Here, the record shows that the ALJ provided legitimate reasons supported by substantial evidence in the record to afford some weight to the opinion of Dr. Jackson. Therefore, Plaintiff's objection is rejected.

2. Dr. Grossman.

Plaintiff argues that the ALJ rejected the opinions of Dr. Grossman, an examining physician, in favor of the opinions of the two non-examining physicians, without articulating specific and legitimate reasons. [Doc. No. 22 at 4.] However, as correctly noted by the Magistrate Judge [Doc. No. 21 at 10-11], the ALJ did articulate why he

gave limited weight to the report of Dr. Grossman:

> Dr. Brian Grossman, a qualified medical examiner for workers' compensation purposes, made the following functional capacity assessment: the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk for less than four hours in an 8-hour workday; she can sit for less than four hours in an 8-hour workday; she can push and pull no more than 20 pounds; she cannot climb; and she can occasionally balance, stoop, kneel, crouch, crawl, and twist (Exhibit 6F, pp. 405-406). This capacity **exceeds** those described by the medical expert and the State agent. For reasons discussed above, this capacity is excessive. Therefore, less weight is given the opinion of Dr. Grossman.

TR 31.

Moreover, the ALJ referred to specific evidence in the record when he explained the weight he gave to the various opinions: "The time restraints and the limitations pertaining to the lower extremities described by Dr. Lorber are appropriate given the claimant's radiculopathy, her weight, and her symptoms associated with the diabetes mellitus." [TR at 30.] Thus, the record shows that he ALJ properly applied less weight to the opinion of Dr. Grossman for specific and legitimate reasons supported by substantial evidence. *Mayer*, 276 F.3d at 459. Therefore, Plaintiff's objection is rejected.

## IV. CONCLUSION

Accordingly, for the aforementioned reasons, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's Report and Recommendation is **ADOPT**ED;
2. Plaintiff's motion for summary judgment is **DENIED**;
3. Defendant's motion for summary judgment is **GRANTED;**
4. The Clerk of the Court shall **TERMINATE** this case.

DATED: August 19, 2013

_____
**CATHY ANN BENCIVENGO**
United States District Judge